And may it please the Court, my name is Mark Caldwell. I'm representing Ms. Agnew-Currie this morning in this second Social Security Disability Appeal that you're hearing. I will keep track of my own time, but I will try to reserve three or four minutes for rebuttal if possible. This is a somewhat unusual case in that it's really two appeals. It's an appeal of the district court decision that remanded for further proceedings instead of for computation of benefits, which sounds pretty familiar considering what you were just discussing. And it's also an appeal of the ALJ decision under de novo review of the credibility determination. And I want to talk about the credit as true rule, but having listened to the oral argument in the previous case, I just want to point out that this is somewhat similar. Well, it is, except that in this case, just speaking for myself, it seems to me that there are – there's support for the lack of credibility finding, which might differentiate the result. Okay. There's two reasons the ALJ gave, and that's all this Court's looking at is what the ALJ gave. The first reason was the ALJ's statement that there were mischaracterizations by Ms. Agnew-Curry, but identifying none. The second reason is that the claimant refused to write a sentence during a psychological examination saying her hands hurt, but there was a function report that was completed. But if you look at the functional report, the functional report was completed by the claimant and her husband. And we don't know whether that was completed in a half an hour or whether it was completed over the period of a week. There is no indication that that ties into any lack of credibility. So under Lingenfelter, Reddick, Moysa, Warren, et cetera, if this Court were to find the credibility determination lacking, then the appropriate remedy would be remand for determination of benefits because the vocational expert testified that the limitations in the sentence testimony were inconsistent with sustained work. Sotomayor, similar to the last case, if the adverse credibility finding is sustained instead of not sustained, what result then? Then it doesn't matter what the district court did or didn't do, right? Interestingly enough, the district court didn't address the credibility determination at all, and the commissioner hasn't addressed the credibility determination here before this Court at all. So all we're left with is what the ALJ had to say. If we were to conclude that there is support, I'm not saying we will. I'm just asking you sort of how to track it downstream. If we were to conclude that there is support for the conclusion that the symptoms were being exaggerated, what would be the result? Well, then you're still left with the fact there are one, two, three, four, five treating sources who gave ‑‑ I'm going to retract that. There are four treating sources, because Dr. Mason really doesn't count at this point. There are four treating sources that gave assessments that the administrative law judge admitted, if accepted, would preclude sustained work. Again, this makes this case a little bit different, because usually you're talking about vocational expert testimony. Here the ‑‑ But those also rely on her credibility in a sense, because a lot of what she's talking about is fatigue and lying down, and so it's ‑‑ if the ALJ properly were to find that she exaggerated her symptoms, wouldn't that affect the medical assessments also? The case that I'm thinking of is, I believe, Edlund, and that is a case where this treating doctor, in that case a Dr. Christensen, I believe, relied upon the claimant's statements, and the ALJ properly discredited that. But that's a different case, because in that case there was affirmative evidence that the claimant was exaggerating for purposes of getting pain drugs that the claimant then sold on the street. So that's quite a bit different here. But under this Court's precedence in, I believe, Regenreiter, and I believe O'Brien, it is not proper to assume that a physician relied solely upon a claimant's reported symptoms. And we also have the peculiarity in this case of the government's concession, which is really ‑‑ I've not seen that before, but I assume that that's something that we have to give effect to as well. Please clarify, Judge Graber. I'm looking at ‑‑ it looks like page 48. I think ‑‑ Are you talking about the government's concession or the ALJ's concession? Yes, the government's concession. Okay. The government, in my opinion, has said, no, this needs to go back for vocational expert testimony because ‑‑ Right. But they've conceded that there was error in the ALJ's opinion. Oh, yeah. Yes, I understand. That's what I'm talking about. I understand. Which makes my hypotheticals perhaps irrelevant. Okay. I understand that. That's all I was suggesting. I apologize for not understanding. The government essentially said, I mean, said in so many words that plaintiff is entitled to a judgment, then the only question is what exactly kind of judgment is it? That's exactly why we're here. Right. But the government's position makes no sense to me. The government says essentially that, well, yes, the ALJ said that if you accept these opinions, then those limitations would mean that that person can't work. But what the judge says doesn't make any difference. We have to hear from a vocational expert. And respectfully, I find that somewhat ludicrous. It's a time-saving device to say, Judge, if you accept X, Y, and Z, would you reach conclusions A, B, and C? If the judge says yes, well, then, thank you, Judge, we're done. You know, these hearings are usually held half an hour apart, and judges pretty much appreciate it if you can cut to the chase and they can move on to the next case. So when you do something like that, all you're doing is accommodating the administrative burden of having to move these cases along to make the argument that having basically accommodated the administrative law judge in that fashion is somehow defective to the claimant's case, I think is a poor argument. Now, the government is also arguing that the credit-as-true rule is invalid. And the premise of that argument is that any time the administrative law judge makes a mistake, then the credit-as-true rule means that the case has to go back and be paid. Regardless of whether the claimant is disabled. And the government would have a very good point if that were the credit-as-true rule, but it isn't. If we go all the way back to Varney II in 1988, which was the first enunciation of this rule, it says, if we accept credible claimant's testimony and if deserving claimants have their cases remanded for payment of benefits, this fulfills the purposes of the program. But it's deserving claimants. No one and I am not arguing that just because a judge makes a mistake, then ollie ollie in free, you get whatever you want. That's not the rule. I haven't heard that expression in a long time. Well, that may explain my age, perhaps. And mine, I guess. The government argues that there's a split in authority, and that's just not true. Different cases from this Court have reached different conclusions. That does not mean there's a split in authority. It simply means that under the facts of individual cases, application of the credit-as-true rule sometimes results in this conclusion and sometimes results in another conclusion. Sotomayor, let me see if I can cut through all of this a little bit for my benefit. You are arguing that the ALJ should have did not – should have accepted the claimant's testimony, are you not? As one part of the case, but of course the other part of the case are these various treating medical sources. Yes. And that they support the claimant's testimony? Well, of course. Again, this Court has said that if the treating physician has not himself or herself doubted the claimant's symptoms, then it's not – that's not a reason for rejecting the treating doctor's opinion. Now, do we have enough in this record to say that if we accept the claimant's and there's no work that she can do in the – in the relevant market? Sure, Judge, because that's what the vocational expert testified to, and that evidence is uncontradicted. So we have vocational expert testimony based upon the claimant's symptoms and we have the ALJ's concession based upon four treating sources. I would submit that there's a – And those are the sources whose opinions were not adequately dealt with in the ALJ decision. That's true. Some of them were not discussed. Some were not discussed at all. Right. And some were merely mentioned. Without explanation. No explanation. That is not a reason for a second bite at the apple. And the case that I cite in my brief is the Ramirez case. Well, I guess here's my concern. And I don't really know how to put all this together. The government's concession had to do with the medical evidence not being discussed or not being adequately discussed and didn't really go to this credibility – underlying  And my concern is the following. Let's assume for the sake of this question that we find that the ALJ's discounting of your client's testimony and finding that it was exaggerated is supportable. And yet the ALJ failed to talk about the medical evidence that was in support of her. Now, in theory, once the ALJ in that situation has a chance to talk about the medical evidence, it would presumably be permissible to say, I also don't credit this medical testimony to the extent that it relied on exaggerated statement of symptoms. Why isn't that a permissible outcome? It's not a permissible outcome for two reasons. One, it's important to focus on the fact that it is the reasons that are in the ALJ decision that are reviewed in terms of the credibility determination, not a search for anything else that we may need. No, no, I understand that. My hypothetical was that the reason that was given, the example that was given, would be sufficient. So that's a given in my question, because what I'm struggling with is if the ALJ is right that your client exaggerated her symptoms, but the ALJ, for whatever reason, whether it was forgot to do it or whatever, didn't talk about the medical evidence appropriately, why shouldn't the ALJ have an opportunity to do that in conjunction with the finding of exaggeration, which might not lead to the payment of benefits? Because there's no link, there's no evidence whatsoever that these doctors were merely relying upon reported symptoms. But we don't know that. We don't have de novo review. That's exactly the problem that I'm facing. It's the ALJ, it's the agency that gets to do that in the first instance. And if they haven't done it at all, what is there for us to review in that regard as to how it might or might not link up with this finding of exaggeration? Well, I want to reserve some of my time, but, you know, I think Ryan and Reginator talk about that. They say that if there's no evidence of a link between those two, then it can't be assumed. And again, I'm just going to say real quickly, I don't think that's a second bite at the apple. Can I reserve the room? You certainly may. I'm here for Mr. Burroughs. May it please the Court. My name is Dan Burroughs. I'm a Special Assistant U.S. Attorney in the District of Arizona. Could you speak a little closer to the microphone? Yeah, no problem, Your Honor. Thank you. I'm a Special Assistant U.S. Attorney in the District of Arizona here representing Commissioner, well, Acting Commissioner of Social Security in this case. Before I get into the meat of my argument, because there was a lot of discussion of the credibility issue as my opponent was up here, I want to spend just a minute talking about the standard of review and what it is specifically that's before the Court in this particular case. Now, ordinarily, the standard of review is somewhat different than it is in this case. Ordinarily, these cases come up on substantial evidence review and you're reviewing the ALJ's decision, no deference is paid to the district court's decision. But in this case, for the reason that the panel pointed out, the government's concession here, what you are reviewing is the district court's decision. Now, the claimant presents this as two separate appeals. One, he wants to appeal the district court's decision. And two, he wants to address the ALJ's decision, which was not, in his mind, properly or fully addressed by the district court. The problem is that the case law is very clear and very consistent that an appellant may not appeal for the review of findings that are not necessary to support a decision. There's also California v. Rooney, a Supreme Court case, says the court reviews judgments, not statements in opinions. Now, the Social Security Act allows a district court to do a few different types of judgments. One is to remand the case with or without a rehearing. That's the judgment that is on appeal here. And that's the only thing that's before this court, is the district court's decision to remand the case with further hearing, as opposed to without further hearing. But in order to do that, we have to figure out what the ALJ did to know whether what the district court did was right or wrong. Well, yes and no. I mean, the government concedes that the ALJ's opinion was problematic in multiple respects. And in fact, we made a motion for voluntary remand in this case before the plaintiff ever even filed her brief. We recognized that this was a problematic decision. And we wanted it to go back for further proceedings, administrative proceedings. And as I understand it, the argument here is that she's entitled to benefits. That's correct. And that's the only dispute between the parties. I mean, that's my point. So what we said, let me make this concrete. In your view, do we or do we not have the opportunity to review the sufficiency of the ALJ's partial adverse credibility finding? Or is that a given in the case? I don't believe that's before the court at this point. Everybody agrees that the ALJ's decision was problematic. The only dispute is whether that means going back for further proceedings or not. No, the reason it matters, it seems to me, is if we either have to take that as a substantial evidence, then what we have is an adverse credibility finding and some undiscussed medical records or inadequately discussed medical opinions, and we don't know how they link up or don't link up with this finding of exaggerated symptoms. So and I don't know so we presumably could not do that ourselves. Well, I think that's correct. I'm not saying that the credibility determination is completely and absolutely irrelevant here. What I'm saying is the court may not, under the current standard of review, review that for substantial evidence. It's only relevant insofar as it shows that the district court's decision was an abuse of power. I don't understand this. If you the thrust of your argument seems to be that if you have, let's just say hypothetically, you have an ALJ decision that is simply unsupportable because it's wrong with respect to credibility, it's wrong with respect to evaluation of medical evidence, it's wrong with a lot of other things. There's a, it goes to the district court and the government can say, okay, we concede that there was, that they didn't evaluate the medical evidence correctly, it goes back for further proceedings, and nobody ever gets to look at the entirety of the case to see whether or not there should have been benefits. So you just get to make a partial concession of error, and then it goes back for further proceedings, and you get, and the ALJ gets to do it all over again. It seems to me that's in the teeth of Varney and our cases. It's that you can't do that. Well, Varney and the other cases were all appeals of the merits of the ALJ's decision. Those weren't remedy appeals. This is a very interesting jurisdiction. Well, that seems to be the problem. Right. This is, this is a, this is a case where we conceded there were problems. Now, the district court is certainly. Well, that's my, let me, you've conceded, so therefore, we can't look at the underlying decision? Well, I think the district court was free to look at the underlying decision. But given the procedural posture of this case, this Court is bound by what the district court decided. The district court didn't address those things. And so there's no abuse of discretion to apply. I don't understand that at all. I just don't follow that. What case can you rely on to say that we don't have the opportunity to examine the propriety of the ALJ decision? Because otherwise, we're left without an anchor, it seems to me. We have to decide between remedies when we don't know. You're saying we have to ignore what the remedy is about, which is the ALJ's decision. Two answers. First, this does appear to be an issue of first impression in the circuit and in other circuits as well. There is, as I mentioned, a lot, whether a Social Security case can be split up like that. This is. Whether you can look at this underlying ALJ decision on a remedy appeal. After you have conceded that there has to be a remedy. Correct, on a thing where the only thing in dispute is remedy. There is a Ninth Circuit, an unpublished Ninth Circuit case. Let me just stop you again for one second. In order to, it seems to be a necessary predicate, because in order to determine what is the appropriate remedy, we have to know what happened. So how can we do that with blinders on without thinking about what was done by the ALJ? The appropriate remedy, the agency argues, is determined based on the state of the evidence. Not what the ALJ did or didn't do. Insofar as the evidence is such that under no circumstances could any decision denying her benefits be supported by substantial evidence, then certainly you have to remand for further payment of benefits. But again, it's tied to the state of the evidence, not the ALJ's decision. Because both parties agree that the ALJ's decision, as written, not necessarily any hypothetical decision, but as written, was not supported by substantial evidence. So getting back, there is a Ninth Circuit, unpublished Ninth Circuit case. I can give you the citation. It's Hernandez v. Astruz. Have you put this in any paper form to us? No. I can certainly send you a 28J letter. I would appreciate that. We'll take it down, but I would like you to do that and, of course, serve opposing counsel as well. No problem. It's 380 Federal Appendix 699. It's a 2010 case. It does purport to apply a de novo standard to a remedy appeal. But it's not or Hernandez, one, doesn't grapple with the standard of review in any way, and it's unclear whether the court was actually applying a de novo standard to the facts at hand. That was a case where we as here asserted a legal error. So we would say that a legal error is in and of itself an abuse of discretion. It appears the Court was saying that it was addressing that legal issue de novo, which, of course, is the standard of review. But stepping back, if I can, then, to the meat of the argument here, given that it's abuse of discretion standard of review, which I think is very clear in the Court's case law. What abuse of discretion? Whose abuse of discretion? The district court. The choice of remedy is reviewed for an abuse of discretion. That's absolutely clear in the case law. If you'd like, I can tell you the case. Let me find it here. It's in your brief, I think. Yeah. It's in the brief. So the question here is whether the district court abuses discretion in choosing to remand for further proceedings as opposed to payment in advance. Looking at the entire decision of the ALJ. Certainly. So insofar as credit as true is discretionary, and I think that's where we have our divergence here, the claimant argues that this was an abuse of discretion because it was an error of law. And it's pretty standard proposition that an error of law is, per se, abuse of discretion. Now, it's not really clear in his brief what he thinks the error of law is, but that argument only makes sense insofar as we assume that credit as true is absolutely mandatory in application in all instances. That's not what this Court's case law says. Now, my opponent was up here trying to argue that, well, the courts kind of come to different conclusions, but Varn or, I'm sorry, not Varni, Vasquez is very clear that there is a split in authority that would have to be resolved by an en banc court, at least to perhaps to get those versions redone. I'm not, well, that may or may not be so. It may be possible to reconcile the cases. I'm not certain of that, but it seems to me that to some degree, all of them recognize that there is some element of discretion in the court based on all of the factors in the case. And that, and if that's so, is that a permissible rule? Because your briefing sort of attacks the whole structure of it. But if it is discretionary and dependent on all the facts of the case, why would that be a statutory or constitutional problem? Well, I think it depends what factors you're identifying are supposed to be considered to make it discretionary. Certainly, the agency would prefer a discretionary rule, but that's simply because that's better for us. I think ultimately we don't think it's an appropriate rule in any case. Why? Simply, I think we briefed this somewhat, and I'll concede that this is something that would have to be addressed by an en banc panel and not necessarily something that this panel could. But we think it conflicts with the Social Security Act in several ways. It conflicts with Supreme Court precedent in multiple cases. The judicial review provision of the statute says that the court has power to enter upon the pleadings and transcript a judgment that affirms or modifies or reverses with or without remanding. That seems to be quite a broad grant of authority to the court to do anything to the judgment based on the record with or without remanding. So there has to be and if that power is exercised on a case-by-case basis, depending on all the facts that are presented, I'm not really sure where you have a problem with the statute. I think the problem comes from, and the claimant does this in her brief, she conflates credit as true with the power to remand for payment of benefits. The Commissioner does not dispute that the court has the power to remand for payment of benefits in certain cases. But as Judge O'Scanlan points out in his Vasquez dissent, those are two different questions. The validity of credit as true is separate and distinct from the power to remand for payment of benefits. And certainly there are cases. It's a criterion that the court has adopted at some – in some form for determining when to exercise its authority to remand for payment of benefits. Right. And that criterion violates regulations that were duly promulgated and that this court is bound by because of that. It also violates aspects of the Social Security Act that say a person cannot be found disabled unless they meet the standards that the Commissioner has determined. But what this does, for example, it just – it gives controlling weight to a particular piece of evidence. The only thing that is allowed to get controlling weight under the Commissioner is credit. Well, but it does or it doesn't. That was sort of my point in my earlier questions. If you credit – let's say you have to credit the claimant's testimony as true, but that doesn't mean that you pay benefits if all they have is a sore big toe. You still have to meet the disability criteria. If that's – if crediting it as true means that the person can only work one day of the month, then they do meet the criteria. Right. But the Social Security Act does not allow anyone, a court or the Commissioner, to credit one isolated piece of evidence as true. You're required to look at the entire record. I think that's a misreading of our cases because they seem, to me at least, to be dispositive only when all the evidence in the record requires a finding of disability if the claimant is truthful. If – so I'm not sure that we're really saying anything different. If that's the case, Your Honor, then the credit as true rule is a nullity. It has to be doing something. I mean, if all you're doing is looking at all the evidence – All it does, it seems to me, is prevent the – in those cases in which it's applied, it seems to prevent the ALJ from saying, well, I gave you five reasons earlier why I didn't believe the claimant, and now you've told me that all of those are bogus. So now I'm going to think up reasons six, seven, eight, and nine, which I didn't think of earlier. That's the only thing it prevents, it seems to me. I'm out of time if I – Please, please. There are three cases. One of them is published, two of them unpublished. All of them, I believe, are cited in my brief, though. Salvador, Monan, and McAllister, that's exactly what that Court allowed in the determination on whether it should be remanded. It said, look, are there other reasons that went unmentioned by the agency that could still support a decision that is supported by substantial evidence? And if so, this case should be remanded. That's exactly what this Court's precedent allows. I think we're saying the same thing. Yeah, I don't think that there's any. We're saying exactly the same thing. Just maybe you said it better, but. But Barney says that. Mr. Caldwell. Your Honor, I did a poor job of managing my time, so I'm going to limit my rebuttal to just two case citations. The Commissioner's attorney just mentioned Salvador. Please look at Salvador carefully, because Salvador said there appears to be other substantial evidence in the record that would support a finding that the claimant was not disabled. Contrast that with Ramirez that remanded for payment of benefits on just the opposite statement. There was no substantial evidence that would support a finding. So once again, we get to a situation where there are different conclusions, but a proper application of the same rule. The other case citation I was trying to remember as I'm standing here responding to arguments was Reginider, and I'm just going to read a sentence from there. I'm not going to use the proper names. The ALJ found that the examining doctor appears to have taken the claimant's statements at face value. This comment is contrary to the evidence. Neither doctor found any indication that the claimant was malingering or deceptive. Therefore, neither doctor should be faulted for believing the claimant's complaints. Unless there's something further, I just lost my one second of time left. Thank you very much. Thank you. The case just argued is submitted, and we appreciate the helpful arguments from both of you. And we are adjourned for this morning's session.
judges: SCHROEDER, GRABER, BYBEE